UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA S. CHURCH,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security,<br><br>    Defendant. | No.  2:12-cv-1618 DAD<br><br><br>ORDER |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment. For the reasons explained below, plaintiff's motion is granted, defendant's cross-motion is denied, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings consistent with this order.

PROCEDURAL BACKGROUND

On March 23, 2009, plaintiff filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") alleging disability beginning on December 31, 1999, and later amended to beginning on December 1, 2008. (Transcript ("Tr.") at 18, 52.)  Plaintiff's application was denied initially and upon reconsideration.  (Id. at 54-57, 59-64.)  Thereafter, plaintiff requested a hearing and a hearing was held before an Administrative

Law Judge ("ALJ") on July 21, 2010.  (Id. at 34-51.)  Plaintiff was represented by an attorney and testified at the administrative hearing.  In a decision issued on October 22, 2010, the ALJ found that plaintiff was not disabled.  (Id. at 29.)

      The ALJ entered the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2013.
>
> 2. The claimant has not engaged in substantial gainful activity since December 1, 2008, the amended alleged onset date (20 CFR 404.1571 *et seq.*).
>
> 3. The claimant has the following severe impairments: fibromyalgia and obesity (20 CFR 404.1520(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).  In accordance with SSR 02-1p, the undersigned has considered the impact obesity has on limitation of function including the claimant's ability to perform routine movement and necessary physical activity within the work environment.  The undersigned finds that the claimant's obesity impacts her physical ability but has not resulted in related symptoms to meet or equal any Medical Listing.  The undersigned similarly finds that the claimant's fibromyalgia has not resulted in the requisite symptoms, laboratory or diagnostic findings to meet or equal any listed impairment.
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) not involving more than occasional postural movements.
>
> 6. The claimant is capable of performing past relevant work as a receptionist, administrative clerk and dental assistant.  This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).
>
> 7. The claimant has not been under a disability, as defined in the Social Security Act, from December 1, 2008, through the date of this decision (20 CFR 404.1520(f)).

(Id. at 20-29) (footnote omitted).

      On April 18, 2012, the Appeals Council denied plaintiff's request for review of the ALJ's decision. (Id. at 1-3.)  Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on June 15, 2012.

LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

/////

1   The claimant bears the burden of proof in the first four steps of the sequential evaluation

2   process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden

3   if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094,

4   1098 (9th Cir. 1999).

## APPLICATION

6   In her pending motion plaintiff argues that the ALJ committed the following two principal

7   errors in finding her not disabled: (1) the ALJ improperly rejected the medical opinion of

8   plaintiff's treating physician; and (2) the ALJ erred by failing to address the opinion rendered by

9   plaintiff's examining psychiatrist.

### I. Treating Physician Opinion

11   Plaintiff argues that the ALJ erred in rejecting the medical opinion of plaintiff's treating

12   physician, Dr. Donald L. Powell. (Pl.'s MSJ (Dkt. No. 17-1) at 11-18.[1]) In this regard, on July

13   28, 2010, Dr. Powell completed a Fibromyalgia Residual Functional Capacity Questionnaire. (Tr.

14   at 373.) Therein, Dr. Powell stated that he first began treating plaintiff on December 30, 2009,

15   and had seen her on three occasions. (Id.) Dr. Powell found that plaintiff's condition met the

16   American College of Rheumatology's criteria for fibromyalgia and that her impairments could be

17   expected to last at least twelve months. (Id.) According to Dr. Powell, plaintiff was not a

18   malingerer and her symptoms included, in part, multiple tender points, chronic fatigue, morning

19   stiffness, frequent and severe headaches, numbness and tingling, anxiety, Temporomandibular

20   Joint Dysfunction and Carpal Tunnel Syndrome. (Id. at 373-74.)

21   In Dr. Powell's opinion, plaintiff's pain or other symptoms would frequently interfere

22   with the attention and concentration needed to perform even simple work tasks, she was incapable

23   of working even low stress jobs and she was being treated with medications that impacted her

24   ability to work because they caused drowsiness. (Id. at 375.) Moreover, Dr. Powell found that

25   plaintiff could only sit for thirty minutes before needing to get up and stand for twenty minutes

26   before needing to sit down or walk around. (Id.) In a total 8-hour work day plaintiff could stand

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

or walk for less than two hours and sit for fours, but she would need to "lie down twice during an 8-hour period." (Id.) Plaintiff would also need to walk every thirty minutes for five minutes. (Id. at 375-76.) Accordingly, Dr. Powell concluded that plaintiff would need a job that permitted shifting positions at will, the taking of unscheduled breaks allowing her to lie down and sit quietly, as well as the use a cane or other assistive device. (Id. at 376.)

Dr. Powell also stated that plaintiff could lift ten pounds occasionally and twenty pounds rarely. (Id.) The doctor opined that plaintiff should also only occasionally twist, stoop, crouch or climb stairs and never climb ladders. (Id. at 376-77.) Moreover, Dr. Powell stated that plaintiff should only occasionally look down, turn her head or look up and rarely hold her head in a static position. (Id. at 377.) Finally, in concluding his evaluation, Dr. Powell indicated that with respect to her work attendance plaintiff would be absent from work as a result of her impairments or treatments more than four days per month. (Id.)

The weight to be given to medical opinions in Social Security disability cases depends in part on whether the opinions are proffered by treating, examining, or nonexamining health professionals. Lester, 81 F.3d at 830; Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant . . . ." Lester, 81 F.3d at 830. This is so because a treating doctor is employed to cure and has a greater opportunity to know and observe the patient as an individual. Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990). A treating physician's uncontradicted opinion may be rejected only for clear and convincing reasons, while a treating physician's opinion that is controverted by another doctor may be rejected only for specific and legitimate reasons supported by substantial evidence in the record. Lester, 81 F.3d at 830-31.

Here, the ALJ rejected treating physician Dr. Powell's opinion on the basis that

> the medical findings submitted by this physician and otherwise documented in the record does not support a finding that the claimant's medical condition is of disabling severity, nor does the treating physician provide an assessment of the claimant's residual functional capacity which is compatible with the record as a whole.

(Tr. at 27.) In this regard, that ALJ asserted that "various scans and x-rays have not shown the

claimant to have any orthopedic injuries or deterioration" and that "the sparse, available medical evidence does not support the degree of disability alleged by Dr. Powell." (Id.)

Moreover, the ALJ found "the lack of medical support" to "bear negatively on the claimant's credibility and the credibility of Dr. Powell's conclusions." (Id. at 28.) In making this finding the ALJ observed that

> it appears the treating physician, in the absence of any significant evidence of clinical findings or treatment commensurate with the degree of functional limitation he finds . . . has [] taken the claimant's subjective allegations at face value and merely reiterated those allegations in his report when making his assertions regarding the claimant's ability to work.

(Id.)

However, it has been recognized that "[f]ibromyalgia's cause is unknown, there is no cure, and it is poorly-understood within much of the medical community. The disease is diagnosed entirely on the basis of patients' reports of pain and other symptoms." Benecke v. Barnhart, 379 F.3d 587, 590 (9th Cir. 2004). Fibromyalgia's "symptoms are entirely subjective. There are no laboratory tests for [its] presence or severity." Jordan v. Northup Grumman Corp. Welfare Benefit Plan, 370 F.3d 869, 872 (9th Cir.2004) overruled on other grounds by Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955, 970 (9th Cir. 2006) (en banc). See also Welch v. UNUM Life Ins. Co. of Am., 382 F.3d 1078, 1087 (10th Cir. 2004) (fibromyalgia presents conundrum for insurers and courts because no objective test exists for proving the disease, its cause or causes are unknown, and its symptoms are entirely subjective).

In addition, "it is error for an ALJ to require objective evidence for a disease that eludes such measurement." Sharpe v. Colvin, No. CV 13-1557 SS, 2013 WL 6483069, at *4 (C.D. Cal. Dec. 10, 2013) (reversing an ALJ's conclusion that the plaintiff' did not suffer from the severe medically determinable impairment of fibromyalgia). See also Benecke, 379 F.3d at 594 (In the context of a disability claim based on fibromyalgia concluding that "[t]he ALJ erred by effectively requiring objective evidence for a disease that eludes such measurement."); Tully v. Colvin, 943 F.Supp.2d 1157, 1167-68 (E.D. Wash. 2013) ("The lack of objective clinical findings in this case of fibromyalgia is insufficient to support the ALJ's rejection of Dr. Stevenson's

opinions regarding Plaintiff's functional capacity."); Llamas v. Astrue, No. 1:09-cv-1503 GSA, 2010 WL 5313759, at *9 (E.D. Cal. Dec. 20, 2010) ("Courts have found it error for an ALJ to discount a treating physician's opinion as to resulting limitations due to a lack of objective evidence for fibromyalgia.")

Moreover, in this case treating physician Dr. Powell was a rheumatologist, the relevant specialty area for treating fibromyalgia, and as such his opinion should have been given greater weight because it was an "'opinion of a specialist about medical issues related to his or her area of specialty.'" Benecke, 379 F.3d at 594 (quoting 20 C.F.R. § 404.1527(d)(5)).

It also appears that the ALJ rejected treating physician Dr. Powell's opinion because the ALJ questioned plaintiff's own credibility. In this regard the ALJ's asserted that despite experiencing long term pain, there was "no evidence" that plaintiff's conditioned worsened or deteriorated over time and no explanation for why she was previously able to work while suffering from fibromyalgia. (Tr. at 28.) As noted above, however, it has long been recognized that the symptoms of fibromyalgia are not proven through objective evidence.

The ALJ also argued that plaintiff gave inconsistent statements regarding her activities of daily living, noting that while at the administrative hearing she denied being able to engage in daily activities, she had previously stated she was "able to perform such tasks" as indicated in an exhibit that appeared in the record.[2] (Id.) In the exhibit the cites to by the ALJ, however, plaintiff made it clear that she had trouble performing these daily tasks, and that they often took her considerable time and resulted in her suffering pain. (Tr. at 144-45.)

Of course, it is also well established that social security claimants need not be "utterly incapacitated to be eligible for benefits." Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989). See also Webb v. Barnhart, 433 F.3d 683, 688 (9th Cir. 2005); Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001) ("This court has repeatedly asserted that the mere fact that a plaintiff has

---

[2] The ALJ also criticized plaintiff for testifying that her various medications cause severe side-effects, despite stating on a Social Security form that her medications did not cause any side-effects. (Tr. at 28.) Dr. Powell's opinion, however, established that plaintiff's medications cause drowsiness. Moreover, the court finds that such a minor discrepancy, standing alone, to be an insufficient basis upon which to discredit plaintiff's testimony.

1  carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for
2  exercise, does not in any way detract from her credibility as to her overall disability.")  In general,
3  the Commissioner does not consider "activities like taking care of yourself, household tasks,
4  hobbies, therapy, school attendance, club activities, or social programs" to be substantial gainful
5  activities.  20 C.F.R. § 404.1572(c).  See also 20 C.F.R. § 404.1545(e).

6  For the reasons stated above, the court finds that the ALJ failed to set forth specific and
7  legitimate reasons for rejecting treating physician Dr. Powell's opinion.  Accordingly, plaintiff is
8  entitled to summary judgment in her favor with respect to this claim.

**II.     Examining Physician Opinion**

Plaintiff also asserts that the ALJ failed to discuss the opinion of plaintiff's examining psychiatrist, Dr. Les Kalman.  (Pl.'s MSJ (Dkt. No. 17-1) at 18.)  In this regard, the ALJ's opinion noted that plaintiff was examined by Dr. Kalman in December of 2009, and went on to discuss Dr. Kalman's findings and diagnoses.  (Tr. at 22.)  The ALJ thereafter concluded, however, that examining physician Dr. Kalman failed to offer a "specific assessment" of the "claimant's functional mental abilities." (Id.) (citing Exhibit 13F).

However, the exhibit cited to by the ALJ in her decision does in fact contain an assessment by Dr. Kalman, specifically a "Medical Source Statement Concerning the Nature and Severity of an Individual's Mental Impairment" form completed by Dr. Kalman.  (Id. at 339.) Therein, Dr. Kalman assessed plaintiff's mental limitations in numerous areas, including plaintiff's ability to understand and remember detailed instructions, her ability to maintain attention and concentration and her ability to interact with the general public.  (Id. at 339-40.)

"The ALJ must consider all medical opinion evidence." Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008).  See also Robbins v. Social Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006) ("In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including, inter alia, medical records, lay evidence, and the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment.").

Here, not only did the ALJ fail to consider Dr. Kalman's assessment, but it appears that the ALJ was under the mistaken belief that Dr. Kalman did not even prepare an assessment of

1 plaintiff's functional mental abilities. Moreover, by failing to discuss Dr. Kalman's assessment, the ALJ implicitly rejected the examining physician opinion expressed therein. Of course, an examining physician's uncontradicted opinion may be rejected only for clear and convincing reasons, and when an examining physician's opinion is controverted by another doctor's opinion, the examining physician's opinion may be rejected only for specific and legitimate reasons supported by substantial evidence in the record. Lester, 81 F.3d at 830-31.

Accordingly, the court finds that the ALJ's failure to discuss examining physician Dr. Kalman's opinion constitutes legal error. See Lingenfelter v. Astrue, 504 F.3d 1028, 1037-38 (9th Cir. 2007); Smolen, 80 F.3d at 1282 (finding legal error where ALJ ignored medical evidence of claimant's impairments without explanation); Cotton v. Bowen, 799 F.2d 1403, 1408-09 (9th Cir. 1986) (finding legal error where ALJ's findings ignored medical evidence without giving specific, legitimate reasons for doing so), superceded by statute on another point as stated in Bunnell v. Sullivan, 912 F.2d 1149 (9th Cir.1990).

Accordingly, the court finds that plaintiff is also entitled to summary judgment in her favor with respect to this claim as well.[3]

CONCLUSION

With error established, the court has the discretion to remand or reverse and award benefits. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. See Benecke v. Barnhart, 379 F.3d 587, 595-96 (9th Cir. 2004). However, where there are outstanding issues that must be resolved before a determination can be made, or it is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. Id. at 594.

/////

---

[3] In light of the remand required by the ALJ's failure to properly credit treating physician Dr. Powell's opinion, the court need not decide whether the ALJ's failure to discuss examining physician Dr. Kalman's opinion was a harmless error. On remand, the opinions of both physicians must be considered.

9

Here, there are outstanding issues that must be resolved before a disability determination can be made. On remand the ALJ shall consider and address Dr. Kalman's opinion and shall afford the proper weight to Dr. Powell's opinion.

Accordingly, in accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Dkt. No. 17) is granted;

2. Defendant's cross-motion for summary judgment (Dkt. No. 18) is denied;

3. The decision of the Commissioner of Social Security is reversed for the reasons indicated above; and

4. This case is remanded for further proceedings consistent with this order.

Dated: February 25, 2014

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.soc sec\church1618.ord.docx